**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7453**

ANTHONY CHARLES CARTER,

      Petitioner - Appellant,

    v.

WARDEN FCI WILLIAMSBURG,

      Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence. J. Michelle Childs, District Judge. (4:20-cv-01998-JMC)

Submitted: April 26, 2022             Decided: April 29, 2022

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Anthony Charles Carter, Appellant Pro Se. Katherine Hollingsworth Flynn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Charles Carter, a federal prisoner, appeals the district court's order dismissing his 28 U.S.C. § 2241 petition in which he sought to challenge his conviction by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We have reviewed the record and, following the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), find no reversible error in the district court's determination that it lacked jurisdiction to consider Carter's § 2241 petition. Accordingly, we affirm the district court's order, *Carter v. Warden*, No. 4:20-cv-01998-JMC (D.S.C. Sept. 27, 2021), but modify the order to reflect that the dismissal is without prejudice, *see Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (noting that a dismissal based upon a "defect in subject matter jurisdiction . . . must be one without prejudice"). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*